# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Boston Hannah International LLC,   )
                                                               )
     Plaintiff/Counter Claim Defendant,   )
                                                               )
v.   )   Case No. 10-2510-CM-JPO
                                                               )
American Academy of Family Physicians,   )
                                                               )
     Defendant/Counter Claimant.   )
                                                               )

## PROTECTIVE ORDER

The parties assert that the allegations and defenses in this action may put at issue confidential, financial and proprietary information of the parties, including without limitation business strategies, evaluations of business opportunities, the financial and funding benchmarks and criteria, information subject to confidentiality obligations in existing contracts, and sensitive information material to ongoing contract negotiations. Pursuant to Fed. R. Civ. P. 26(c), the need to prevent the public revelation of this information is good cause for entry of a protective order. Accordingly, the Court orders as follows.

### Designation of Confidential Information

1.    A party may designate information as confidential and subject to this Protective Order in the following manner:

a. The designation of confidential information in a document or discovery pleading (e.g. an interrogatory response) shall be made on a page-by-page basis. To designate a page in a document or discovery pleading as containing confidential information, a party shall mark that page with the legend: CONFIDENTIAL.

b. All deposition testimony shall temporarily be deemed confidential for a period of 30 days after the court reporter provides counsel with a final transcript and any errata sheet. No later than the end of that 30 day period, each party shall notify the other parties in writing of those portions of the transcript (by page and line number) that are confidential and subject to this Protective Order. Unless designated in this matter, no part of the transcript is confidential after the 30 day period.

c. Any copies or excerpts made of any confidential information or any abstract, summary or memorandum containing information designated as confidential shall be marked on each page with the legend: CONFIDENTIAL.

2. If any party to this litigation or any non-party disagrees with designation of any information as confidential, it shall attempt through a meet-and-confer process to resolve the disagreement with the designating party. If the dispute cannot be resolved, the party or non-party opposing the confidential designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The designating party shall have the burden of establishing that the information is entitled to confidential treatment.

3. Production, receipt or designation of confidential information shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

## Use of Confidential Information

4. The parties shall not disseminate or disclose confidential information except as set forth in this Protective Order.

5. Absent the permission of counsel for the designating party or an order of this Court, confidential information shall be used solely for the purpose of this lawsuit, and not for any other purpose whatsoever.

6. Confidential information may be disclosed to:

   a. the parties;

   b. counsel to the parties, including their paralegals and staff;

   c. potential witnesses at deposition or trial, and the witnesses' counsel, if confidential information is reasonably necessary and related to their anticipated testimony, provided that they are given a copy of this Protective Order and agree to be bound by its terms;

   d. Any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in this lawsuit and such person's investigators and professional clerical assistants, if confidential information is reasonably necessary and related to their anticipated services, provided that they are given a copy of this Protective Order and agree to be bound by its terms; and

   e. Any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing professional consultation or other advisory services in

connection with this lawsuit and such person's investigators and professional and clerical assistants, if confidential information is reasonably necessary and related to their anticipated services, provided that they are given a copy of this Protective Order and agree to be bound by its terms.

7. Confidential information may also be disclosed to the Court and its agents as follows:

   a. If a party wishes to use confidential information in any affidavits, briefs, memoranda of law, or other papers filed in this court in this lawsuit, the party shall seek leave to file such information under seal using the procedure specified in the local rules of the Court.

   b. At any proceeding (including hearings and trial), confidential information may be used in accordance with the Federal Rules of Evidence, but the parties shall exercise all reasonable care not to disclose confidential information needlessly in the public record. When possible, reasonable care includes consulting with the other parties about what protections for confidential information are appropriate for the circumstances. In addition, a party intending to use confidential information at a hearing or trial shall provide the other parties with five days written notice of its intention. Either party may move the Court to receive such information *in camera* or to afford such other protection as may be necessary.

8. In the event that a non-designating party receives any subpoena or process pertaining to any confidential information, it will immediately notify counsel for the other parties. No party receiving such a subpoena or process shall furnish copies or permit inspection of confidential information except pursuant to the consent of the designating party or an order of a Court of competent jurisdiction.

### Return or Destruction of Confidential Information

9. All originals and copies of confidential information, together with any extracts or summaries thereof, shall be returned to the producing party or destroyed within 90 days of the final disposition of this lawsuit, whether by dismissal, settlement, judgment or appeal. Any notes or other records regarding the confidential information shall be destroyed during the same time period.

***

This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

Entered this 11th day of January, 2011, at Kansas City, Kansas.

                                              s/James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge