IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOSTON HANNAH INTERNATIONAL, LLC, )
)
)
        Plaintiff, )
)
v. ) Case No. 10-2510-CM
)
AMERICAN ACADEMY OF FAMILY PHYSICIANS, )
)
)
        Defendant. )
)
)

## MEMORANDUM AND ORDER

Currently before the court is defendant's uncontested motion for attorneys' fees, pre-judgment interest, and post-judgment interest (Doc. 180).[1] Because defendant's motion is uncontested, the court grants defendant's requests for $65,234.96 in pre-judgment interest and for post-judgment interest at the rate provided in 28 U.S.C. § 1961 without further discussion. *See* D. Kan. Rule 7.4(b) (explaining that the court will ordinarily grant uncontested motions without further notice). The court, however, will analyze the reasonableness of defendant's fee request. *See Wilkinson v. I.C. Sys., Inc.*, No. 09-2456-JAR, 2011 U.S. Dist. LEXIS 128293, at *6–7 (D. Kan. Nov. 1, 2011) (explaining that the "lack of a response does not foreclose review and analysis of the request for fees"). After review, the court grants defendant's request for attorneys' fees but, because defendant failed to provide sufficient information regarding each attorney's qualifications, experience, and level of expertise, the court awards defendant only $365,455.00 in attorneys' fees. Accordingly, the court grants defendant's motion in part.

---

[1] Plaintiff never filed an opposition, and the deadline for filing an opposition has passed. Pursuant to D. Kan. Rule 7.4(b), the court considers defendant's motion uncontested.

-1-

**I.      Background**

On January 18, 2012, this court entered summary judgment in defendant's favor on plaintiff's breach of contract, breach of the implied duty of good faith and fair dealing, and tortious interference claims. The court also granted summary judgment in defendant's favor on defendant's breach of contract claim. In determining that plaintiff breached a 2005 production and licensing agreement ("the 2005 Agreement"), the court rejected plaintiff's arguments that: (1) plaintiff's breach was justified by defendant's alleged material breach and (2) defendant's alleged material breach made it impracticable for plaintiff to comply with the 2005 Agreement.

The court also determined that defendant was entitled to recover its attorneys' fees pursuant to Section 8.1 of the 2005 Agreement. *See Terra Venture Inc. v. JDN Real Estate-Overland Park, LP*, 242 F.R.D. 600, 602 (D. Kan. 2007) (citing *Wilkerson v. Brown*, 995 P.2d 393, 395 (Kan. Ct. App. 1999)) (explaining that under Kansas law an award of attorneys' fees is allowed if authorized by express contractual agreement).[2] Specifically, Section 8.1 provides that "[i]f either party obtains a judgment against the other party by reason of a breach of this Agreement, a reasonable attorneys' fee, as fixed by the court, shall be included in the judgment." (Doc. 137-1 at 7.) The summary judgment order and corresponding judgment constitute a judgment against plaintiff by reason of a breach of the 2005 Agreement. So defendant is entitled to its reasonable attorneys' fees. Therefore, the issue before the court is whether defendant's requested fee amount of $406,062 is reasonable.[3]

**II.     Legal Standards**

---

[2]   Kansas law governs the award of attorneys' fees in this lawsuit because the court has diversity jurisdiction and because the 2005 Agreement includes a Kansas choice-of-law provision. *See In re King Res. Co.*, 651 F.2d 1349, 1351 (10th Cir. 1981) (explaining that in diversity cases "attorney fees are determined by state law and are substantive for diversity purposes").

[3]   The time sheets before the court actually total $459,171.00. Defendant proactively reduced this amount by removing time entries that were potentially duplicative as well as removing fees related to legal research for plaintiff's tortious interference claim and the briefing of legal arguments solely related to plaintiff's tortious interference claims.

-2-

In analyzing requests for attorneys' fees, Kansas courts consider the factors enumerated in Kansas Rule of Professional Conduct ("KRPC") 1.5. *Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135–36 (Kan. 2006). These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

KRPC 1.5(a). In analyzing these factors, the court is considered an expert on attorneys' fees, and it "may apply its own knowledge and professional experience in determining the value of services rendered." *Id.* at 1135 (internal quotations and citations omitted). Defendant has the burden of proving the reasonableness of the requested fees. *See Kan. Penn Gaming, LLC v. HV Prop. of Kan.*, 790 F. Supp. 2d 1307, 1314 (D. Kan. 2011) (explaining that the Kansas Supreme Court has not ruled on this issue but noting that the Kansas Court of Appeals has approved this burden of proof).

**III.    Analysis**

The court conducted an extensive analysis of the time records submitted by defendant. The court finds that the billed hours were reasonable. Although this lawsuit was primarily a breach of

contract action, the allegations were more convoluted than most breach of contract cases. In addition, the factual record supporting defendant's claim was inextricably intertwined with the factual record supporting plaintiff's claims because plaintiff essentially asserted its alleged breach of contract claims as defenses to defendant's successful breach of contract claim. *See Terra Venture*, 242 F.R.D. at 605 (citing *DeSpiegelaere v. Killion*, 947 P.2d 1039, 1044 (Kan. Ct. App. 1999)) (explaining that the court can award full attorney fees when the causes of action are dependent on the same set of facts and are "intertwined to the point of being inseparable"). Therefore, to prosecute this case, defendant had to review over 3.5 million pages of discovery, take and defend multiple depositions, and engage in contentious expert discovery. Plaintiff's counsel aggressively represented plaintiff's interests, and several motions were filed with this court. Summary judgment briefing was also a significant expense as the record before the court included approximately 100 pages of argument, 180 statements of fact, and 135 exhibits. And, as previously noted, the summary judgment briefing resulted in a uniformly successful outcome for defendant on all claims.

Defendant was represented by a team of attorneys, so the court scrutinized the bill for potential duplicative billing. Although there were entries where more detail would have been helpful—for example several attorneys worked on the summary judgment reply brief but not all time entries clearly stated the specific tasks assigned to each attorney—the court is satisfied that no billed attorney's fees are duplicative. *Crux Subsurface, Inc. v. Black & Veatch Corp.*, No. 11-2053-EFM, 2011 U.S. Dist. LEXIS, at *9 n.18 (D. Kan. Dec. 13, 2011) (discussing duplicative billing). Overall, the court determines that the time and labor expended by defendant—particularly in light of the already reduced amount requested by defendant—is reasonable.

The court also analyzed the billing rate for each time keeper that billed for this lawsuit. Defendant's motion outlines the billing rate for each time keeper and includes an affidavit stating that

these rates are "reviewed annually by firm management and may be adjusted up or down depending on a variety of considerations" including "the overall or local economy . . . each individual attorney's practice area . . . and each individual's level of expertise and years of experience." (Doc. 181-3 at 1.) This affidavit further states that the charged rates "are within the range of similarly situated attorneys in Kansas City." *Id.* at 2. But defendant provided very little—if any—information regarding each time keeper's level of expertise, qualifications, and experience. *See* KRPC 1.5(a)(7). Indeed, it is unclear whether some time keepers are attorneys, paralegals, or legal assistants.

The court has no basis for doubting the affidavit submitted by defendant. But the court would prefer more information regarding each time keeper's qualifications so that the court can conduct a detailed analysis about the appropriateness of the billing rates particularly given that defendant has the burden of proving the reasonableness of the requested fees. For example, typically parties requesting attorneys' fees submit an affidavit outlining each time keeper's education, experience, and expertise. Without this detailed information, the court exercises its discretion and determines that a 10% reduction in defendant's requested award (approximately a 10% reduction in each time keeper's charged rate) will account for any potentially high rates. Accordingly, the court reduces defendant's requested award by 10%.

The remaining factors also support the reasonableness of defendant's requested fee award. The magnitude of this lawsuit and the time constraints by this court indicate that accepting this lawsuit would—at times—prevent defendant's attorneys from accepting other work. Plaintiff was seeking close to $1.4 million in compensatory damages as well as punitive damages, attorneys' fees, costs, and pre- and post-judgment interest. Defendant obtained summary judgment in its favor on all of plaintiff's claims. Defendant also obtained summary judgment in its favor on its counterclaim and was awarded $262,322.46 in compensatory damages. Defendant's counsel has served as defendant's

primary counsel for over a decade and provides defendant with a full range of legal services. Finally, defendant engaged defendant's counsel on an hourly basis. Given all of these factors, the court determines that defendant's fee request should be granted and awards defendant $365,455.00 in attorneys' fees.

**IT IS THEREFORE ORDERED** that defendant's motion for attorneys' fees and interest is granted in part. The court awards defendant $365,455.00 in attorneys' fees. The court also awards defendant $65,234.96 in pre-judgment interest. The court also orders that the judgment amount of $262,322.46, the pre-judgment interest amount of $65,234.96, and the award of attorneys' fee in the amount of $365,455.00 shall draw interest at the rate provided by 28 U.S.C. § 1961 from January 18, 2012 (the date of entry of judgment in this case) until paid.

Dated this 30th day of April, 2012, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge